**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

**Search:** Two hard drives bearing serial numbers DS/N -TH-00K 727-12567-256-1H1H and DS/N-TH-06J987-12567-27V-6R6R and a DVD labeled "R"

I, Postal Inspector Ronell Parker, being duly sworn, depose and state as follows:

    1.    I am an Inspector for the United States Postal Inspection Service ("USPIS"). I am assigned to the Postal Inspection Service Washington Division at the Merrifield, Virginia office. I have been employed by the USPIS since April 2004 and am currently a Child Exploitation Specialist assigned to the Child Exploitation team. As such, I am responsible for investigations involving the trafficking of child pornography through the United States mails. I, along with other officers, am further responsible for enforcing federal criminal statutes involving the sexual exploitation of children. During my tenure as an Inspector, I have received training in the area of child pornography and child sexual exploitation as well as specialized instruction on how to conduct investigations of child sexual exploitation and child pornography through the United States Postal Inspection Service and the Department of Justice. I have also received specialized training in Internet child sexual exploitation investigations through a training course at the Federal Bureau of Investigation's Innocent Images Task Force and SEARCH, The National Consortium for Justice Information and Statistics.

    2.    The information contained within this affidavit is based on my training, experience, personal knowledge and observations and interviews conducted during the course of this investigation, as well as information related to me by other law enforcement officers and my review of documents and other physical evidence obtained during this investigation.

3. This affidavit is submitted in support of an application for a warrant to search two hard drives bearing serial numbers DS/N-TH-00K 727-12567-256-1H1H and DS/N-TH-06J987-12567-27V-6R6R and a DVD labeled "R" located at the United States Postal Inspection Service office at 900 Brentwood Rd, NE, Washington, DC 20066, as more particularly described in detail in **Attachment A.**

4. The purpose of this application is to search for and seize evidence, fruits and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252A(a)(5)(B), which make it a crime to possess child pornography that was shipped or transported in interstate commerce; violations of 18 U.S.C. §§ 2252(a)(1) and 2252A(a)(1), which make it a crime to transport child pornography in interstate commerce, including by computer or mails; and violations of 18 U.S.C. §§ 2252(a)(2) and 2252A(a)(2), which make it a crime to receive child pornography in interstate commerce, including by computer or mails.

5. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact observed by me or known to the government. This affidavit contains information necessary to support probable cause for this application.

6. Based on the facts set forth herein, I respectfully submit that this affidavit establishes probable cause to believe that evidence, fruits, and instrumentalities of violations of federal law, including 18 U.S.C. §§ 2252 and 2252A, as well as property used in committing these crimes (as described in **Attachment B**) are in the two hard drives and the DVD labeled "R" currently located at 900 Brentwood Rd, NE, Washington, DC 20066. These two drives were obtained from a private data recovery company when an examination

of the drives revealed that they probably contain child pornography.

**The Investigation and Background**

7.	On or about May 27, 2005, Robert Reyes began receiving email correspondence from Phong D. Nguyen, using the e-mail names/addresses patentlawdog@worldnet.att.net and pnguyen@bakerlaw.com, advising that he would be sending to him two hard drives to have their data recovered. Mr. Reyes is the owner of M.J. Thompson Data recovery in Lynden, Washington. Mr. Nguyen also provided a return address of 1050 Connecticut Ave., NW Suite 1100 Washington, DC 20036.[1]

8. On or about June 04, 2005, Mr. Nguyen, via email, asked Mr. Reyes if he could recover data on both hard drives. Mr. Nguyen requested that a specific program called guitars, along with recorded tracks, be recovered.

9.	On or about June 05, 2005 2005, Mr. Reyes advised Mr. Nguyen, via email, that he received his hard drives in the mail today and asked if there were any other files that Mr. Nguyen specifically wanted to be searched for and recovered.

10.	Between the dates of June 5, 2005 and June 9, 2005, Mr. Reyes began working on and completed the task of data recovery on the two hard drives sent to him by Mr. Nguyen. The data on one of the drives could not be recovered. Mr. Reyes copied the data recovered from the second, operational drive to a DVD to be sent to Mr. Nguyen, along with the two drives, upon payment for services. Mr. Reyes labeled the DVD with an "R."

---

[1] On or about June 15, 2005, Postal Inspectors ran a Google search on the name of Phong Nguyen and found a Phong D. Nguyen employed at the law firm of Baker & Hostettler, LLP located at 1050 Connecticut Avenue, NW Suite 1100 Washington, DC 20036.

11. On or about June 9, 2005, Mr. Nguyen, via email, advised that it was unclear if Mr. Reyes was able to recover data from a desktop folder called "linhda" that has some pictures from Korea in it and the guitar program files. Mr. Nguyen further advised that he would place a money order in the mail and asked to whom he should make it.

12. On or about June 10, 2005, Mr. Reyes responded, via email, that he was sending a text file listing files and their respective directories on the hard drive. Mr. Reyes gave him the business name of M.J. Thompson Data Recovery at 1177 Elm St. Lynden, Washington 98264 and said the amount due was $89.00 plus $5.75 for shipping for a total of $94.75.

13. On or about June 10, 2005, Mr. Nguyen responded, via email, and asked if the following the files could be recovered:

1. Nguyen\Nguyen\D\Lost Files

2. DocumentsandSettings\\PhongNguyen\\Desktop\\Linhda\\Pictures\\Korea128\\IMG_3309.JGP

3. Nguyen\\Nguyen\\D\\Program Files\\Cakewalk\\Guitar Tracks Pro Demo

14. As part of the data recovery process, Mr. Reyes reviewed some of the files that were recovered and placed on the DVD. Upon this review, Mr. Reyes discovered an Mpeg file with "Lolita" in the name. Mr. Reyes opened that file and observed a movie of a girl aged 10–12 years old performing oral sex on an adult white male. This movie file shows the child from the front and from the rear, as well as her chest area.

15. Mr. Reyes stopped reviewing the recorded data and immediately called the Immigration & Customs Enforcement ("I.C.E".) office in Washington State and surrendered the drives and the DVD he created to them. I.C.E. agents then turned over the two hard

drives, the DVD, and other materials to the United States Postal Inspection Service. I received two drives and the DVD on June 20, 2005. I placed the two hard drives and the DVD in evidence at a USPIS facility located at 900 Brentwood Road, NW, Washington, DC on June 21, 2005.

16. Based on my training and experience and conversations I have had with other law enforcement officers, I know that child pornographers/collectors often maintain and possess their materials privately and securely, and within their domain or control. Child pornographers/collectors typically retain these materials for many years, and they rarely destroy these materials unless they believe that the discovery of these materials by law enforcement investigators or individuals unsympathetic to their pedophilic preferences is imminent. They almost always keep these materials where they can easily access them.

17. Based on my training and experience and conversations I have had with other law enforcement officers, I am aware that child pornographers/collectors often retain materials in a variety of media, including DVDs, VHS tapes, still images, magazines, on computer hard drives and/or CD-ROMs or floppy disks. These materials are normally secreted and safeguarded by the person in areas that are away from plain view or the easy access of strangers or mere visitors and may be hidden from view of others inside file folders, envelopes or other locations identified with misleading labels, drawers, credenzas, filing cabinets, closets, storage areas, articles of furniture, heating and air conditioning vents, storage boxes, locked receptacles, safes, brief cases and other containers, and numerous other places where valuables may be secured and hidden.

18. Based on my training and experience and conversations I have had with other law enforcement officers, I am also aware that depictions of child pornography can be hidden within DVDs, videotape cassettes, and other electronic media in various ways. For example, videotapes that may have child pornography may be stored within containers and boxes containing inaccurate and misleading descriptions of the contents of the electronic media. Additionally, electronic files that may contain child pornography may have inaccurate and misleading file names. Further, visual depictions of child pornography may be spliced or merged into the later portion of a DVD, videotape or other electronic media containing seemingly innocuous subject matter at the beginning of the videotape or other media. Consequently, in order to conduct a thorough examination of the content of the electronic media, it is necessary to examine their contents in their entirety.

19. Based on my training and experience and conversations I have had with other law enforcement officers, I am aware that the computer's capability to store images in digital form makes it an ideal repository for child pornography. A single floppy disk can store dozens of images and hundreds of pages of text. The size of the electronic storage media (commonly referred to as the hard driver or the server) used in home and office computers has grown tremendously in recent years. Hard drives with the capacity of 40 gigabytes plus are readily available and relatively inexpensive. These drives can store thousands of images at very high resolution. Magnetic storage located in host computers adds another dimension to the equation. Only with careful laboratory examination of electronic storage devices is it possible to recreate the evidence trail. Searching computer systems and electronic storage devices may require a range of data analysis techniques. Criminals can mislabel or hide files

and directories, encode communications, attempt to delete files to evade detection, or take other steps to frustrate law enforcement searches. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described in Attachment B.

20.     Any search of the original hard drives executed pursuant to this search warrant application will be completed on an image of the original hard drives and will occur at the Dulles Lab utilized by the United States Postal Inspection Service for forensic examination

21.     Computer storage devices (such as hard drives, diskettes, tapes and other drives) can store the equivalent of thousands of pages of information. Additionally, a suspect may try to conceal criminal evidence: he or she might store it in random order with deceptive file names. This may require searching authorities to examine all the stored data to determine which particular files are evidence, fruits or instrumentalities of crime. This sorting process can take weeks or months, depending upon the volume of data stored.

## Conclusion

22.     Based upon the above information, I respectfully submit there is probable cause to believe that the two hard drives and DVD described in attachment A contain evidence, fruits and instrumentalities of violations of 18 U.S.C. §§ 2252(a)(1), 2252A(a)(1), 2252(a)(2), 2252A(a)(s), 2252(a)(4)(B) and 2252A(a)(5)(B) which make transportation, receipt and possession of child pornography unlawful, by using the Internet, other interstate commerce and the United States Postal Service to transport, receive and possess images of child pornography and/or visual depictions of minors engaging in sexually explicit conduct.

23. WHEREFORE, I respectfully request that a search warrant be issued, allowing agents of the United States Postal Inspection Service and Immigration and Customs Enforcement and other law enforcement agencies including computer technicians to search the two hard drives and the DVD as further described in attachment A for items described attachment B.

                              Ronell Parker, Inspector
                              United States Postal Inspector Service

Subscribed and sworn before me this _____ day of June, 2005.

                              United States Magistrate Judge

Case 1:05-mj-00355-JMF   Document 1-2   Filed 06/22/2005   Page 9 of 9